IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EFRAIN TROCHE RIVERA,** | : | CIVIL ACTION NO. 1:22-CV-120 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN JAMISON,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Efrain Troche Rivera, who is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") challenges an unspecified disciplinary sanction imposed by the prison. We will dismiss the petition without prejudice and grant petitioner leave to file an amended petition.

I. **Factual Background & Procedural History**

Rivera initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 17, 2022, which the court received and docketed on January 21, 2022. (Doc. 1). Rivera alleges that on an unspecified date during his incarceration, he was given a disciplinary sanction for an unspecified infraction, which resulted in him losing 141 days of good conduct time. (Id.) Rivera asserts that his good conduct time should be restored because the sanction of 141 days of good conduct time was "overly excessive." (Id.) He does not allege any facts to support his claim for habeas corpus relief, such as what misconduct he allegedly committed, what events gave rise to the disciplinary charges against him, when the

alleged infraction occurred, or what process he was afforded before the disciplinary sanction was imposed.  (See id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III. Discussion

Dismissal of this case under Rule 4 is appropriate because we simply cannot discern any basis for granting habeas corpus relief from the petition.  Rivera challenges a prison disciplinary sanction, but he does not allege any facts about what gave rise to the sanction, when the events giving rise to the sanction occurred, or what process he was afforded before the sanction was imposed.  Absent such factual allegations, it is impossible for us to meaningfully review Rivera's claim for habeas corpus relief.  We will therefore dismiss the petition without prejudice and grant Rivera leave to file an amended petition.

## IV. **Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice and grant Rivera leave to file an amended petition. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   February 4, 2022