IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EFRAIN TROCHE RIVERA,** | : CIVIL ACTION NO. 1:22-CV-120 |
| Petitioner | : |
| v. | : (Judge Conner) |
| **WARDEN JAMISON,** | : |
| Respondent | : |

# MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Efrain Troche Rivera, challenges a 2021 disciplinary sanction imposed by the United States Bureau of Prisons ("BOP") during his incarceration in Allenwood Federal Correctional Institution ("FCI-Allenwood"). We will deny the petition with prejudice.

**I.      Factual Background & Procedural History**

Rivera is currently serving a 120-month term of imprisonment imposed by this district for conspiracy to possess and distribute with intent to distribute 5 kilograms or more of cocaine. See United States v. Rivera, No. 1:16-CR-348 (M.D. Pa. Jan. 3, 2018) (Rambo, J.). He has been incarcerated in FCI-Allenwood at all relevant times.

On May 6, 2021, a correctional officer in FCI-Allenwood conducted a random search of Rivera's cell and discovered 16 bottles of an unknown orange liquid that the officer suspected was a homemade intoxicant. (Doc. 13-1 at 5). The officer tested the liquid for the presence of alcohol. (Id.) The test was positive and

indicated that the liquid contained an alcohol content of .425. (Id.) The officer issued an incident report charging Rivera with possession of drugs or alcohol in violation of BOP disciplinary regulations. (Id.)

The incident report was referred to a Disciplinary Hearing Officer ("DHO"), who conducted a disciplinary hearing on May 19, 2021. (Id. at 10). Rivera admitted that the bottles that were found in the cell belonged to him and that they contained intoxicants. (Id.) The DHO concluded that Rivera committed the prohibited act as charged and sanctioned him to 41 days disallowed good conduct time, 60 days of disciplinary segregation, forfeiture of 100 days of non-vested good conduct time, loss of phone and commissary privileges for 8 months, and a monetary fine of $378. (Id. at 12). Rivera unsuccessfully appealed the sanction through all stages of the BOP's administrative remedy program, asserting that 141 days of lost good conduct time was an excessive sanction for his actions. (Doc. 1 at 2-3).

Rivera filed the instant petition on January 17, 2022, and the court received and docketed the petition on January 21, 2022. (See id. at 9).[1] He raises only one claim for habeas corpus relief: that the loss of 141 days of good conduct time is an excessive penalty for his actions. (Id. at 7-8).

On February 4, 2022, the court dismissed the petition without prejudice because it lacked sufficient factual allegations for the court to meaningfully review Rivera's claim for habeas corpus relief. (Docs. 6-7). The court granted Rivera leave to file an amended petition. (Id.) Rivera subsequently filed a motion for leave to

---

[1] Rivera erroneously dates the petition as January 17, 2021. (See id.)

amend. (Doc. 8). We denied the motion as moot because we had already granted Rivera leave to amend but liberally construed the motion for leave to amend as a supplement to the original petition. (Doc. 9). Concluding that the supplemental allegations cured the pleading defects that were present in the original petition, we directed service of the petition and the motion for leave to amend and directed respondent to respond to the petition. (Id.)

Respondent responded to the petition on May 31, 2022. (Doc. 13). Respondent argues the petition should be denied because Rivera was given all necessary due process protections and because the sanction imposed complied with BOP regulations and was commensurate to Rivera's offense. (Id.) Rivera filed a reply brief on June 9, 2022, making the petition ripe for review. (Doc. 15).

### III. Discussion

Prison disciplinary proceedings must comply with certain due process requirements, and disciplinary sanctions must be supported by some evidence before a prisoner may be sanctioned with the loss of good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). But Rivera's petition does not raise any due process or sufficiency of evidence claims under Wolff or Hill. (See Doc. 1). Rivera's sole claim for habeas corpus relief is that the disciplinary sanction was excessive. Hence, we confine our analysis to whether the sanction was excessive under the Eighth Amendment and do not consider any due process or evidentiary issues under Wolff or Hill.

Rivera was convicted of possession of drugs or alcohol, which is classified as a "greatest severity level" disciplinary offense pursuant to 28 C.F.R. § 541.3.

Available sanctions for a greatest severity level offense include, *inter alia*, forfeiture or withholding of up to 100% non-vested good conduct time, termination or disallowance of extra good conduct time, and disallowance of good conduct time available for a year. (Id.) The disallowance of good conduct time available for a year is ordinarily limited to between 50% and 75% of the available time, or 27-41 days. (Id.) Rivera's good conduct time sanction—41 days disallowed good conduct time and forfeiture of 100 days of non-vested good conduct time—complies with the sanctions available under Section 541.3.

Moreover, prison disciplinary sanctions may be deemed excessive under the Eighth Amendment only if they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Moles v. Holt, 221 F. App'x 92, 95 (3d Cir. 2007) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995) (nonprecedential));[2] accord Banks v. Thompson, No. 1:21-CV-777, 2022 WL 108611, at *4 (M.D. Pa. Jan. 11, 2022) (Conner, J.). The penalties imposed here, loss of good conduct time and loss of email privileges, do not work an "atypical and significant hardship" on Rivera and do not serve to extend his confinement beyond the expected parameters of his sentence. Sandin, 515 U.S. at 484-85. Consequently, he is not entitled to relief.

Finally, although it is not specifically noted as a claim, Rivera appears to argue in his reply brief that he is entitled to habeas corpus relief because he has

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

diabetes and BOP officials have not been providing him an appropriate diet for an individual with diabetes. (See Doc. 15 at 1-2). We will not consider this argument because it was raised for the first time in Rivera's reply brief. See, e.g., Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, No. 1:21-cv-00658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) (noting that arguments may not be raised for the first time in a reply brief (citing Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004))). Obviously, Rivera may pursue this claim administratively as he did with respect to the excessive penalty claim addressed herein.

**IV.    Conclusion**

We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 17, 2022